**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **STEPHEN MOYER, Administrator of the Estate of Charlotte J. Finck, et al.** | **CASE NO.** |
| **Plaintiffs,** | **JUDGE** |
| v. | **NOTICE OF REMOVAL** |
| **SIMBAD LLC, et al.** | |
| **Defendants.** | |

To:     The Honorable Judges of the United States District Court for the Southern District of Ohio, and Clerk of the Court of Common Pleas Franklin County, Ohio:

Pursuant to 28 U.S.C. §§ 1441 and 1331, Defendant Greatwide Dallas Mavis, LLC ("Greatwide") removes this action from the Court of Common Pleas of Franklin County, Ohio to the United States District Court for the Southern District of Ohio, Eastern Division. Greatwide represents the following in accordance with the requirement of 28 U.S.C. § 1146(a) for a "short and plain statement of the grounds for removal."

**A.     Background and Procedural Requirements**

1.     On September 26, 2019, Plaintiffs Stephen Moyer, Administrator of the Estate of Charlotte J. Finck, William Popovich, Charles Popovich, and Sarah Popovich ("Plaintiffs") initiated suit in the Franklin County Court of Common Pleas, Case Number 19 CV 007808, styled as *Stephen Moyer, Administrator of the Estate of Charlotte J. Finck, et al. v. Simbad LLC, et al.* (the "State Court Action").

2.     Nearly one year later, on August 18, 2020, Plaintiffs filed a First Amended Complaint ("First Amended Complaint") and named Greatwide as a Defendant for the first time.

Greatwide was served with a copy of the summons and the First Amended Complaint on September 17, 2020. (See Exhibit "A," Service of Process and First Amended Complaint.)

3. This Notice of Removal is timely because it is being filed within 30 days after receipt by Greatwide of the initial pleading setting forth the claims for relief against it, as required by 28 U.S.C. § 1446(b).

4. Plaintiffs allege in the First Amended Complaint that they sustained damages arising from a motor vehicle accident that occurred in Franklin County, Ohio on March 25, 2019. Although the First Amended Complaint improperly characterizes Greatwide as a motor carrier, Plaintiffs essentially seek to hold Greatwide liable for freight brokerage activities. It is undisputed that Greatwide is a federally licensed broker and motor carrier, and it is clear that Greatwide's role in this matter was that of a federally licensed transportation broker. (See Exhibit "B" – Declaration of Reggie Smith); see also Exhibit "A", First Amended Complaint, ¶ 93.)

5. Greatwide has been brokering loads to Defendant Simbad, LLC since January 24, 2013 as evidenced by the original Broker/Carrier Agreement attached hereto as Exhibit "C." (See also Exhibit "B" – Declaration of Reggie Smith). The load described in Plaintiffs' First Amended Complaint was submitted to Defendant Simbad, LLC ("Simbad") pursuant to the Broker/Carrier Agreement entered into between Greatwide and Simbad in January 2013. *Id.* It can hardly be argued that Greatwide was anything but a broker and that Simbad was anything but a motor carrier as Simbad was transporting the subject load at the time of the accident. (Ex. "A," First Amended Complaint , ¶¶ 64-65.) Accordingly, Plaintiffs' characterizations of Greatwide as a "Motor Carrier" throughout the First Amended Complaint are erroneously asserted in a failed

2

attempt to create motor carrier liability to Greatwide despite Greatwide having no actual role as a "Motor Carrier" in the subject shipment.

6. Greatwide has been brokering loads on behalf of Alton Steel since at least 2018 and has brokered 49 loads on behalf of Alton Steel, all of which were carried out by a motor carrier other than Greatwide. (See Exhibit "B" – Declaration of Reggie Smith). Accordingly, Greatwide acted pursuant to its federally licensed authority as a transportation broker with respect to the load described in Plaintiffs' First Amended Complaint.

**B. The United States District Court for the Southern District of Ohio Has Original Jurisdiction Over the Claims against Greatwide**

7. This case is removable under the jurisdictional grant set forth in 28 U.S.C. § 1331 given that Plaintiffs' cause of action against Greatwide implicates the Court's original jurisdiction as it arises under the Constitution, laws, or treaties of the United States.

8. Plaintiffs allege negligence-based claims against Greatwide and these claims arise out of alleged personal injuries. An objective analysis of Plaintiffs' allegations in the First Amended Complaint reveal the claims arise from Greatwide's services as a licensed freight broker arranging for the transportation by motor carrier of goods through interstate commerce. (First Amended Complaint, Exhibit "A," First Amended Complaint, ¶¶ 19, 93, 96, 101-113.)

9. Removal is proper because Greatwide is a licensed freight broker which arranges the transportation of goods through interstate commerce and the claims advanced relate to the services provided by Greatwide. The power of states to regulate the intrastate and interstate transportation of goods is expressly preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), Pub. L. No. 103-305, Title VI, § 601, 108 Stat. 1569, 1605 (eff. Jan. 1, 1995). The FAAAA completely preempts state law claims that have the force

and effect of law related to a price, route, or service with respect to the transportation of property.

10. After deregulating the trucking industry through the Motor Trucking Act of 1980, Congress enacted the FAAAA in 1994 in an effort to avoid "a State's direct substitution of its own governmental commands for 'competitive market forces' in determining (to a significant degree) the services that motor carriers will provide." *Rowe v. New Hampshire Motor Transp. Ass'n*, 552 U.S. 364, 368, 372 (2008). Mirroring the language of the Airline Deregulation Act ("ADA")[1] enacted years earlier, the FAAAA prohibits States from "enact[ing] or enforce[ing] a law, regulation, or other provision having the force and effect of law **related to a price, route, or service** of any motor carrier[] or any motor private carrier, broker, or freight forwarder with respect to the **transportation of property**." 49 U.S.C. § 14501(c)(1) (emphasis added). State common law is included within the "other provision having the force and effect of law" clause of the statute. *See Northwest, Inc. v. Ginsberg*, 572 U.S. 273, 281-84 (2014) (interpreting the identical language in the ADA).

11. Both the United States District Court for the Northern District of Ohio and the United States District Court for the Southern District of Ohio have ruled that negligence claims against freight brokers are completely preempted by the FAAAA. *See Creagan v. Wal-Mart Transportation, LLC*, 354 F. Supp. 3d 808 (N.D. Ohio 2018), *pending appeal*, No. 3:16-CV-2788, 2020 WL 5203480 (N.D. Ohio Sept. 1, 2020); *Nature's One, Inc. v. Spring Hill Jersey Cheese, Inc.*, No. 2:15-CV-2820, 2017 WL 4349065 (S.D. Ohio Sept. 29, 2017). (See Exhibit "D" - Courtesy copies of *Creagan* and *Nature's One*).

---

[1] The ADA states that, "a State…may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b)(1).

4

12. In *Nature's One*, a Southern District case, a freight broker, WD Logistics, hired a motor carrier to haul goods interstate, and such goods were negligently transported leading to contamination. *Id.* at * 1. Chief Judge Algenon Marbley ruled that plaintiff's negligence claims against WD Logistics were preempted by the FAAAA noting "[t]he law preempts all state laws 'related to a price, route, or service of … any motor carrier … or broker, with respect to the transportation of property" and granted WD Logistics' motion for summary judgment. *Id.* at * 2-3 citing 49 U.S.C. § 14501(c)(1). Chief Judge Marbley cited to several decisions asserting "[t]he law is clear that negligence claims against brokers are preempted under the FAAAA." *Id.* at * 3.

13. Personal injury claims alleging negligent selection of a motor carrier by an authorized freight broker have also been found to be preempted under the FAAAA. In *Creagan*, *supra*, a group of motorists like Plaintiffs in this case brought a personal injury action against several parties including a retailer and a freight broker alleging the retailer and freight broker acted negligently when hiring the motor carrier to transport a shipment. *Creagan*, 354 F.Supp.3d at 811. The *Creagan* court held that the negligent hiring claims, like the claims asserted against Greatwide in the First Amended Complaint, were preempted by the FAAAA and the Northern District granted the freight broker's motion for judgment on the pleadings. *Id.* at 814. Given the holdings in *Nature's One* and *Creagan*, the claims asserted by Plaintiffs against Greatwide are completely preempted and this Court has original jurisdiction over those claims.

14. Though the Supreme Court of the United States and the United States Court of Appeals for the Sixth Circuit have not yet addressed whether negligent selection claims against freight brokers are removable pursuant to FAAAA preemption if they originated in state court, at

least one district court recently held that they are[2]. *See Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371, at * 7 (W.D. Tex. Jan. 27, 2020). *Gillum* is analogous to the instant case and its result is in line with *Nature's One* and *Creagan*. In *Gillum*, the Western District of Texas denied a plaintiff's motion to remand after a defendant freight broker, Danco Transport, was named as an additional defendant in an amended complaint and removed the case to federal court asserting FAAAA preemption. *Id.* Here, the factual and procedural posture is analogous. Accordingly, this case is properly removable and this Court has original jurisdiction over the claims asserted against Greatwide.

C.     **Other Procedural Requirements**

15.    A copy of this Notice of Removal will be promptly filed with the appropriate state court, the Franklin County Common Pleas Court, pursuant to 28 U.S.C. § 1446(d).

16.    Greatwide intends on filing a responsive pleading to Plaintiffs' Complaint within the time set forth in the *Federal Rules of Civil Procedure.*

17.    The United States District Court for the Southern District of Ohio, Eastern Division is the appropriate court for filing a Notice of Removal from the Court of Common Pleas Franklin County, Ohio; where the action is currently pending, as the events that gave rise to Plaintiffs' Complaint took place in Franklin County, Ohio, and the Eastern Division is the district and division in which the State Court Action is pending.

18.    Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process and orders served upon Greatwide in this action are attached hereto as Exhibit "A."

---

[2] Removal based on FAAAA preemption was also held to be proper in a property damage claim against a broker where negligence for mishandling of embryos was alleged. *Luccio v. UPS, Co.*, No. 9:16-CV-81703-RLR, 2017 WL 412126, at *1 (S.D. Fla. Jan. 31, 2017).

19. Pursuant to 28 U.S.C. § 1446(d), Greatwide has served a copy of the Notice of Removal upon all adverse parties.

20. Greatwide acted as a freight broker in connection with the alleged tortious conduct that is the subject of this action and is consequently entitled to invoke FAAAA preemption as a basis for removal. Greatwide is not obligated to seek the consent of the other defendants in connection with this Notice of Removal. *See* 28 U.S.C. § 1441(c)(2) ("Only defendants against whom a claim described in paragraph (1)(A) [original jurisdiction] has been asserted are required to join in or consent to the removal under paragraph (1)"). Co-defendants, however, consent to removal.

21. The jurisdictional allegations of this Notice were true at the time the State Court Action was commenced against Greatwide and remain true as of the date of filing of this Notice of Removal.

22. Pursuant to 28 U.S.C. § 1446(d), Greatwide is simultaneously filing a copy of the Notice of Removal with the Clerk of the Court of Common Pleas, Franklin County, Ohio attached hereto as Exhibit "E."

23. Greatwide asserts its right to a trial by jury.

24. Greatwide does not waive any jurisdictional or other defenses.

25. Greatwide reserves the right to supplement this Notice of Removal and/or present additional arguments in support of its entitlement to removal.

WHEREFORE, Defendant, Greatwide Dallas Mavis, LLC, removes the above-referenced civil action from the Court of Common Pleas, Franklin County, Ohio to the United States District Court for the Southern District of Ohio, Eastern Division.

Respectfully submitted,

*/s/ M. Salman Shah*
**ROBERT D. BOROFF (0091866)**
**Gallagher Sharp| LLP**
1215 Superior Avenue, 7th Floor
Cleveland, OH  44114
(216) 241-5310 (Telephone)
(216) 241-1608 (Facsimile)
E-Mail:  rboroff@gallaghersharp.com

**M. SALMAN SHAH (0091231)**
**Gallagher Sharp| LLP**
35 North Fourth Street
Suite 200
Columbus, Ohio 43215
(614) 340-2299 (Telephone)
(614) 340-2301 (Facsimile)
E-Mail:  sshah@gallaghersharp.com
*Attorneys for Defendant Greatwide Dallas Mavis LLC*

## CERTIFICATE OF SERVICE

I hereby certify *Defendant Greatwide Dallas Mavis, LLC's Notice of Removal of Civil Action to the United States District Court for the Southern District of Ohio* was electronically filed with the Court on October 15, 2020.  Notice of this filing will be sent by operation of the Court's case management and electronic case filing system.  A true copy of the foregoing was also served by US Mail, postage prepaid and/or electronic mail on  October  15,  2020  upon  the following:

| | |
|---|---|
| Daniel R. Mordarski (0063228)<br>LAW OFFICES OF DANIEL R. MORDARSKI LLC<br>5 East Long Street, Suite 1100<br>Columbus, Ohio 43215<br>(614) 221-3200 - Telephone<br>(614) 221-3201 - Facsimile<br>dan@mordarskilaw.com<br>*Attorney for Stephen Moyer, Esq.*<br>*Administrator of the Estate of Charlotte J. Finck* | Ashley Rutherford Starling (0084009)<br>Jason E. Starling (0082619)<br>WILLIS SPANGLER STARLING<br>4635 Trueman Boulevard, Suite 200<br>Hilliard, Ohio 43026<br>(614) 586-7900 - Telephone<br>(614) 586-7901 - Facsimile<br>astarling@willisattorneys.com<br>jstarling@willisattorneys.com<br>*Attorneys for Plaintiffs*<br>*Sarah, Charles, Wesley & William Popovich* |
| | Jessica A. Reese (0087028)<br>Joseph J. Golian (0029496)<br>DICKIE, MCCAMEY & CHILCOTE, P.C.<br>250 Civic Center Drive, Suite 280<br>Columbus, Ohio  43215<br>(614) 258-6000 Telephone<br>(888) 811-7144 Facsimile<br>jreese@dmc1aw.com<br>jgolian@dmc1aw.com<br>*Counsel for Defendant Simbad, LLC* |

*/s/  M. Salman Shah*
**ROBERT D. BOROFF (0091866)**
**M. SALMAN SHAH (0091231)**
**Gallagher Sharp| LLP**
*Attorney for Defendant Greatwide Dallas Mavis, LLC*