# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **STEPHEN MOYER, Administrator of the Estate of Charlotte J. Finck, et al.** | ) ) ) | **CASE NO. 2:20-CV-5405** |
| **Plaintiffs** | ) ) ) | **JUDGE ALGENON L. MARBLEY** |
| v. | ) ) ) | **MAGISTRATE JUDGE ELIZABETH P. DEAVERS** |
| **SIMBAD LLC, et al.** | ) ) ) | **DEFENDANT/CROSS-PLAINTIFF GREATWIDE DALLAS MAVIS, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND CROSS-CLAIMS AGAINST DEFENDANTS/CROSS-DEFENDANTS SIMBAD LLC AND BAKHADIR KUZIKOV** |
| **Defendants** | ) ) ) ) ) ) ) ) | |
| | ) ) | **(Jury Demand Endorsed Hereon)** |

Defendant, Greatwide Dallas Mavis, LLC ("Defendant"), by and through undersigned counsel, for its Answer to Plaintiffs' First Amended Complaint states as follows:

1. Defendant denies the allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth.

2. Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that the allegations contained within this Paragraph be stricken in accordance with Fed.R.Civ.P. 12(f) as the allegations are immaterial, impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant respectfully requests leave to file an Amended Answer to plaintiffs' First Amended Complaint in order to respond to these allegations.

## PARTIES JURISDICTION AND VENUE

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' First Amended Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' First Amended Complaint for the reasons set forth in its Notice of Removal.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint for the reasons set forth in its Notice of Removal.

## FACTS

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth.  Further Answering, the allegations in Paragraph 11 of Plaintiffs' First Amended Complaint call for a legal conclusion to which no answer is required.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth.

13. Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that the allegations contained within this Paragraph be stricken in accordance with Fed.R.Civ.P. 12(f) as the allegations are immaterial, impertinent, scandalous, and presented for an improper purpose.  Should the Court deny Defendant's Motion to Strike, Defendant respectfully requests leave to file an Amended Answer to plaintiffs' First Amended Complaint in order to respond to these allegations.

### Greatwide Agreed To Be The Motor Carrier For This Shipment[1]

14. Defendant admits that it is registered as a motor carrier and broker, but denies that it held itself out as an interstate "Motor Carrier" as related to the transportation of goods at issue in Plaintiffs' First Amended Complaint.  Further Answering, Defendant acted pursuant to its authority as a federally licensed broker as related to the transportation of goods at issue in Plaintiffs' First Amended Complaint. Defendant denies any negligence, fault, or culpable conduct.

---

[1] Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f).  Defendant requests that this Heading be stricken in accordance with Fed.R.Civ.P. 12(f) as it is immaterial, impertinent, scandalous, and presented for an improper purpose.  Should the Court deny Defendant's Motion to Strike, Defendant denies the characterization of Greatwide as a "motor carrier" in this subheading of Plaintiffs' First Amended Complaint.

15. Defendant states that the contract referenced in Paragraph 15 of Plaintiffs' First Amended Complaint is a written document that speaks for itself. To the extent that the contract is inconsistent with the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint, Defendant denies those allegations. Defendant denies any remaining allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint and further denies any negligence, fault, or culpable conduct.

16. Defendant states that the contract referenced in Paragraph 16 of Plaintiffs' First Amended Complaint is a written document that speaks for itself. To the extent that the contract is inconsistent with the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint, Defendant denies those allegations. Defendant denies any remaining allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint and further denies any negligence, fault, or culpable conduct.

17. Paragraph 17 of Plaintiffs' First Amended Complaint contains legal conclusions to which no response is required. Further Answering, Defendant denies, as stated, the remaining allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint.

18. Defendant states that the Bill of Lading referenced in Paragraph 18 of Plaintiffs' First Amended Complaint is a written document that speaks for itself. To the extent that the Bill of Lading is inconsistent with the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint, Defendant denies those allegations. Defendant denies any remaining allegations contained in Paragraph

18 of Plaintiffs' First Amended Complaint and further denies any negligence, fault, or culpable conduct.

19. Defendant admits that it did not transport the shipment as that was done by Simbad LLC. Defendant further admits that it was acting under its authority as a federally licensed broker at the time of, and leading up to, the subject accident. Further Answering, Defendant denies any negligence, fault, or culpable conduct.

**Greatwide Used An Internet Load Board to Find a Dangerous Sub-Carrier[2]**

20. Paragraph 20 of Plaintiffs' First Amended Complaint contains legal conclusions to which no response is required. Further Answering, Defendant denies, as stated, the remaining allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint.

21. Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that the allegations contained within this Paragraph be stricken in accordance with Fed.R.Civ.P. 12(f) as the allegations are immaterial, impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant respectfully requests leave to file an Amended Answer to plaintiffs' First Amended Complaint in order to respond to these allegations.

22. Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that the allegations contained within this Paragraph be stricken in accordance with Fed.R.Civ.P. 12(f) as the allegations are immaterial,

---

[2] Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that this Heading be stricken in accordance with Fed.R.Civ.P. 12(f) as it is immaterial, impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant denies the characterization of Greatwide as a "motor carrier" in this subheading of Plaintiffs' First Amended Complaint.

impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant respectfully requests leave to file an Amended Answer to plaintiffs' First Amended Complaint in order to respond to these allegations.

23. Defendant admits that it posted the subject load on Truckstop.com, which is routinely used by federally licensed brokers, such as Defendant, and motor carriers, such as Simbad LLC. Defendant denies, as stated, the remaining allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint.

24. Paragraph 24 of Plaintiffs' First Amended Complaint contains legal conclusions to which no response is required. Further Answering, Defendant denies, as stated, the allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint.

**Simbad Recklessly Hired Kuzikov Who Was a Dangerous And Reckless Driver[3]**

25. Defendant states that the allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 25 of Plaintiffs' First Amended Complaint, Defendant admits that Simbad LLC was a registered "Motor Carrier" at the time of the subject accident. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth.

26-33. Defendant states that the allegations contained in Paragraphs 26-33 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer

---

[3] Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that this Heading be stricken in accordance with Fed.R.Civ.P. 12(f) as it is immaterial, impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant denies the characterization of Greatwide as a "motor carrier" in this subheading of Plaintiffs' First Amended Complaint.

      is required. To the extent an answer is required to Paragraphs 26-33 of Plaintiffs' First Amended Complaint, Defendant denies the allegations contained in Paragraphs 26-33 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth as they specifically address co-defendants. Further Answering, Defendant denies any negligence, fault, or culpable conduct.

34-39. Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that the allegations contained within these Paragraphs be stricken in accordance with Fed.R.Civ.P. 12(f) as the allegations are immaterial, impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant respectfully requests leave to file an Amended Answer to plaintiffs' First Amended Complaint in order to respond to these allegations.

### **Greatwide Recklessly Knew or Chose Not To Know Simbad Was Dangerous[4]**

40-45. Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that the allegations contained within these Paragraphs be stricken in accordance with Fed.R.Civ.P. 12(f) as the allegations are immaterial, impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant respectfully requests leave to file an Amended Answer to plaintiffs' First Amended Complaint in order to respond to these allegations.

---

[4] Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that this Heading be stricken in accordance with Fed.R.Civ.P. 12(f) as it is immaterial, impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant denies the characterization of Greatwide as a "motor carrier" in this subheading of Plaintiffs' First Amended Complaint.

46. Defendant denies the allegations contained in Paragraph 46 Plaintiffs' First Amended Complaint.

### Fake Russian CDL Schools & Unsafe Russian Trucking Companies Were Well Known To the Transportation Industry By This Time[5]

47-63. Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that the allegations contained within these Paragraphs be stricken in accordance with Fed.R.Civ.P. 12(f) as the allegations are immaterial, impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant respectfully requests leave to file an Amended Answer to plaintiffs' First Amended Complaint in order to respond to these allegations.

### At Freeway Speeds, Kuzikov Crashed Into a Stopped Vehicle At End Of Exit Ramp

64-76. Defendant denies the allegations contained in Paragraphs 64-76 of Plaintiffs' First Amended Complaint for want of information sufficient to form a belief as to their truth.

### FIRST CLAIM

77. Defendant incorporates its previous responses to Paragraphs 1-76 of Plaintiffs' First Amended Complaint as if fully rewritten herein.

78. Defendant states that the allegations contained in Paragraph 78 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 78 of Plaintiffs' First

---

[5] Defendant previously filed a Motion to Strike pursuant to Fed.R.Civ.P. 12(f). Defendant requests that this Heading be stricken in accordance with Fed.R.Civ.P. 12(f) as it is immaterial, impertinent, scandalous, and presented for an improper purpose. Should the Court deny Defendant's Motion to Strike, Defendant denies the characterization of Greatwide as a "motor carrier" in this subheading of Plaintiffs' First Amended Complaint.

Amended Complaint, Defendant denies for want of knowledge the allegations contained in Paragraph 78 of Plaintiffs' First Amended Complaint.

79. Defendant states that the allegations contained in Paragraph 79 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 79 of Plaintiffs' First Amended Complaint, Defendant denies for want of knowledge the allegations contained in Paragraph 79 of Plaintiffs' First Amended Complaint.

80. Defendant states that the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 80 of Plaintiffs' First Amended Complaint, Defendant denies for want of knowledge the allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint.

81. Defendant states that the allegations contained in Paragraph 81 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 81 of Plaintiffs' First Amended Complaint, Defendant denies for want of knowledge the allegations contained in Paragraph 81 of Plaintiffs' First Amended Complaint.

82. Defendant states that the allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 82 of Plaintiffs' First Amended Complaint, Defendant denies for want of knowledge the allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint.

83. Defendant states that the allegations contained in Paragraph 83 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 83 of Plaintiffs' First Amended Complaint, Defendant denies for want of knowledge the allegations contained in Paragraph 83 of Plaintiffs' First Amended Complaint.

## SECOND CLAIM

84. Defendant incorporates its previous responses to Paragraphs 1-83 of Plaintiffs' First Amended Complaint as if fully rewritten herein.

85. Defendant states that the allegations contained in Paragraph 85 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 85 of Plaintiffs' First Amended Complaint, Defendant admits that Simbad LLC and its driver were solely responsible for their actions at the time of the accident. Defendant denies for want of knowledge the remaining allegations contained in Paragraph 85 of Plaintiffs' First Amended Complaint.

86. Defendant states that the allegations contained in Paragraph 86 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 86 of Plaintiffs' First Amended Complaint, Defendant admits that Simbad LLC and its driver were solely responsible for their actions at the time of the accident. Defendant denies for want of knowledge the remaining allegations contained in Paragraph 86 of Plaintiffs' First Amended Complaint.

87. Defendant states that the allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 87 of Plaintiffs' First Amended Complaint, Defendant admits that Simbad LLC was a registered "Motor Carrier" at the time of the accident. Defendant denies for want of knowledge the remaining allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint.

88. Defendant states that the allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 88 of Plaintiffs' First Amended Complaint, Defendant denies for want of knowledge the allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint. Further Answering, Defendant denies any negligence, fault or culpable conduct.

89. Defendant states that the allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 89 of Plaintiffs' First Amended Complaint, Defendant denies for want of knowledge the allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint. Further Answering, Defendant denies any negligence, fault or culpable conduct.

90. Defendant states that the allegations contained in Paragraph 90 of Plaintiffs' First Amended Complaint are directed toward another party, and thus, no answer is required. To the extent an answer is required to Paragraph 90 of Plaintiffs' First Amended Complaint, Defendant denies for want of knowledge the allegations

contained in Paragraph 90 of Plaintiffs' First Amended Complaint. Further Answering, Defendant denies any negligence, fault or culpable conduct.

### THIRD CLAIM

91. Defendant incorporates its previous responses to Paragraphs 1-90 of Plaintiffs' First Amended Complaint as if fully rewritten herein.

92. Defendant admits that it is registered as a motor carrier and broker, but denies that it held itself out as an interstate "Motor Carrier" as related to the transportation of goods at issue in Plaintiffs' First Amended Complaint. Further Answering, Defendant acted pursuant to its authority as a federally licensed broker as related to the transportation of goods at issue in Plaintiffs' First Amended Complaint. Defendant denies any negligence, fault, or culpable conduct.

93. Defendant admits the allegations contained in Paragraph 93 of Plaintiffs' First Amended Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' First Amended Complaint.

95. Defendant states that the Bill of Lading referenced in Paragraph 95 of Plaintiffs' First Amended Complaint is a written document that speaks for itself. To the extent that the Bill of Lading is inconsistent with the allegations contained in Paragraph 95 of Plaintiffs' First Amended Complaint, Defendant denies those allegations. Defendant denies the remaining allegations contained in Paragraph 95 of Plaintiffs' First Amended Complaint. Defendant denies any negligence, fault, or culpable conduct.

96. Defendant admits that it was acting as a broker for the subject load.

97. Paragraph 97 of Plaintiffs' First Amended Complaint contains legal conclusions to which no response is required.  Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' First Amended Complaint.  Further Answering, Defendant denies any negligence, fault, or culpable conduct.

98. Defendant denies for want of knowledge the allegations contained in Paragraph 98 of Plaintiffs' First Amended Complaint.

99. Paragraph 99 of Plaintiffs' First Amended Complaint includes legal conclusions to which no response is required.  Defendant denies the allegations contained in Paragraph 99 of Plaintiffs' First Amended Complaint. Further Answering, Defendant denies any negligence, fault, or culpable conduct.

100. The allegations contained in Paragraph 100 of Plaintiffs' First Amended Complaint call for a legal conclusion to which no answer is required.  Answering further, Defendant states that the duty of care is defined by the Court and that the allegations contained in Paragraph 100 are improper, and therefore, denied. Further answering, Defendant denies any negligence, fault or culpable conduct.

101. Paragraph 101 of Plaintiffs' First Amended Complaint contains legal conclusions to which no response is required.  Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' First Amended Complaint. Further Answering, Defendant denies any negligence, fault, breach of legal duty, or culpable conduct.

102. The allegations contained in Paragraph 102 of Plaintiffs' First Amended Complaint call for a legal conclusion to which no answer is required.  Answering further, Defendant states that the duty of care is defined by the Court and that the

allegations contained in Paragraph 102 are improper, and therefore, denied. Further answering, Defendant denies any negligence, fault or culpable conduct.

103. Paragraph 103 of Plaintiffs' First Amended Complaint contains legal conclusions to which no response is required. Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' First Amended Complaint. Further Answering, Defendant denies any negligence, fault, breach of legal duty, or culpable conduct.

104. Paragraph 104 of Plaintiffs' First Amended Complaint contains legal conclusions to which no response is required. Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' First Amended Complaint. Further Answering, Defendant denies any negligence, fault, breach of legal duty, or culpable conduct.

105. Defendant denies the allegations contained in Paragraph 105 of Plaintiffs' First Amended Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of Plaintiffs' First Amended Complaint.

107. Defendant denies the allegations contained in Paragraph 107 of Plaintiffs' First Amended Complaint.

**FOURTH CLAIM**

108. Defendant incorporates its previous responses to Paragraphs 1-107 of Plaintiffs' First Amended Complaint as if fully rewritten herein.

109. Defendant denies for want of knowledge the allegations contained in Paragraph 109 of Plaintiffs' First Amended Complaint.

110. Defendant denies for want of knowledge the allegations contained in Paragraph 110 of Plaintiffs' First Amended Complaint.

111. Defendant denies for want of knowledge the allegations contained in Paragraph 111 of Plaintiffs' First Amended Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of Plaintiffs' First Amended Complaint as they pertain to this Defendant only.

113. Defendant denies the allegations contained in Paragraph 113 of Plaintiffs' First Amended Complaint as they pertain to this Defendant only.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs failed to state a claim against this Defendant for which relief could be granted.

2. Failure to join parties necessary to a just adjudication of the action.

3. Any damage or injury which Plaintiffs may have suffered as alleged in their First Amended Complaint was directly and proximately caused or contributed to by the negligence of persons other than this Defendant.

4. A percentage of the tortious conduct that proximately caused the Plaintiffs' damages is attributable to one or more persons from whom the plaintiffs do not seek recovery in this action.

5. Any damages claimed by Plaintiffs must be apportioned among all liable parties named, unnamed, or dismissed, and Defendant is only liable for its proportionate share of any damages.

6. Any and all damage or injury which Plaintiffs may have suffered as alleged in their First Amended Complaint was directly and proximately caused by the intervening and/or superseding acts of persons or entities other than this Defendant.

7. Defendant performed its contractual obligations in accordance with the agreements between the parties, as amended and modified.

8. Simbad LLC is contractually obligated to defend, indemnify, and hold this Defendant harmless for all claims asserted by Plaintiffs.

9. Plaintiffs have failed to mitigate their damages.

10. Plaintiffs' claims are preempted by the laws and regulations of the United States of America, including but not limited to the Federal Aviation Administration Authorization Act of 1994.

11. Plaintiffs' claims against Defendant are barred in whole or in part because the codefendants were responsible for their own means and methods. Codefendants did not, at any time or place set forth in the First Amended Complaint, operate as the agent or employee of this Defendant, such that this Defendant could be vicariously liable for their acts.

12. Defendant acted reasonably as to the allegations set forth in Plaintiffs' First Amended Complaint.

13. Plaintiffs' First Amended Complaint violates Fed.R.Civ.P. 11 and 12(f).

14. Defendant reserves the right to assert additional affirmative defenses that may arise during litigation.

### DEFENDANT/CROSS-PLAINTIFF GREATWIDE DALLAS MAVIS, LLC'S CROSS-CLAIMS AGAINST DEFENDANTS/CROSS-DEFENDANTS SIMBAD LLC AND BAKHADIR KUZIKOV

Defendant/Cross-Plaintiff, Greatwide Dallas Mavis, LLC, for its Cross-Claims against Defendants/Cross-Defendants, Simbad LLC and Bakhadir Kuzikov, states as follows:

1. These Cross-Claims are brought pursuant to Rule 13(g) of the Federal Rules of Civil Procedure.

2. Defendant/Cross-Plaintiff incorporates by reference all of its admissions, denials and allegations set forth in its Answer to Plaintiffs' First Amended Complaint as if fully rewritten herein.

### COUNT ONE

3. Defendant/Cross-Claimant restates, realleges and reavers Paragraphs 1-2 of its Cross-Claims as if fully set forth herein.

4. Defendant/Cross-Plaintiff denies any responsibility in law or in fact to Plaintiffs; however, if it should be determined at the trial of this matter that this Defendant/Cross-Plaintiff is responsible either in law or in fact to Plaintiffs, then, and in that event, Defendants/Cross-Defendants, Simbad LLC and Bakhadir Kuzikov, are liable to this Defendant/Cross-Plaintiff for any such recovery by Plaintiffs.

### COUNT TWO

5. Defendant/Cross-Plaintiff restates, realleges and reavers Paragraphs 1-4 of its Cross-Claims as if fully set forth herein.

6. In the alternative to Count One, Defendant/Cross-Plaintiff states that it is entitled to contribution from Defendant/Cross-Defendant, Simbad LLC and Bakhadir Kuzikov, which contribution is to be determined by interrogatory to the jury.

### COUNT THREE

7. Defendant/Cross-Plaintiff restates, realleges and reavers Paragraphs 1-6 of its Cross-Claims as if fully set forth herein.

8. Defendant/Cross-Plaintiff denies any responsibility in law or in fact to plaintiffs; however, if it should be determined at the trial of this matter that it is responsible either in law or in fact to plaintiffs, then, and in that event, Defendant/Cross-Plaintiff would be secondary and

passive to the active and primary liability of Defendants/Cross-Defendants, Simbad LLC and Bakhadir Kuzikov, thereby entitling Defendant/Cross-Plaintiff to be fully indemnified by them.

## **COUNT FOUR**

9. Defendant/Cross-Plaintiff restates, realleges and reavers Paragraphs 1-8 of its Cross-Claims as if fully set forth herein.

10. According to the written agreement entered into between Defendant/Cross-Plaintiff and Defendant/Cross-Defendant, Simbad LLC, which is attached as Exhibit "A", Defendant/Cross-Defendant, Simbad LLC, agreed to:

> "[Simbad] shall defend, indemnify, and hold harmless [Greatwide] from and against any and all loss, damage, expense, cost, including reasonable attorney fees, fines actions and claims for injury to persons (including death)…arising out of or in connection with [Simbad's] failure to comply with the terms of this agreement or [Simbad's] loading, handling, transportation, unloading or delivery of any shipments made hereunder." (See ¶ 6 of Ex. "A".)

11. The lawsuit filed by plaintiffs arises out of or in connection with Defendant/Cross-Defendant, Simbad LLC's, "loading, handling, transportation, unloading or delivery of any shipments…"

12. Pursuant to the terms of the written agreement attached as Exhibit "A", Defendant/Cross-Plaintiff is owed contractual indemnification and defense by Defendant/Cross-Defendant, Simbad LLC.

13. Defendant/Cross-Plaintiff made demand upon Defendant/Cross-Defendant, Simbad LLC, that it be indemnified and defended in connection with the lawsuit brought by plaintiffs. To date, Defendant/Cross-Defendant, Simbad LLC, has not accepted this demand.

14. The failure of Defendant/Cross-Defendant, Simbad LLC, to indemnify and defend Defendant/Cross-Plaintiff constitutes a breach of the respective written agreement attached as Exhibit "A".

15. As a result of Defendant/Cross-Defendant, Simbad LLC's, material breach of its written agreement attached as Exhibit "A", Defendant/Cross-Plaintiff has incurred damages in the form of attorneys fees, litigation costs and expenses, and claim management costs, in an ongoing and escalating amount, the exact amount to be proven at trial.

**WHEREFORE**, Defendant, Greatwide Dallas Mavis, LLC, prays that this Court dismiss Plaintiffs' First Amended Complaint with prejudice; enter judgment in Defendant's favor; award Defendant its cost and attorneys fees; and award all such other relief as this Court may deem just and equitable.

### JURY DEMAND

Defendant demands a trial by jury of this action consisting of the maximum number of jurors permitted by law.

Respectfully submitted,

/s/ Robert D. Boroff
**ROBERT D. BOROFF (0091866)**
**Gallagher Sharp| LLP**
1217 Superior Avenue, 7th Floor
Cleveland, OH  44114
(216) 241-5310 (Telephone)
(216) 241-1608 (Facsimile)
E-Mail:  rboroff@gallaghersharp.com

**M. SALMAN SHAH (0091231)**
**Gallagher Sharp| LLP**
35 North Fourth Street, Suite 200
Columbus, OH 43215
(614)-340-2299 (Telephone)
(216) 241-1608 (Facsimile)
E-Mail:  sshah@gallaghersharp.com
*Attorneys for Defendant Greatwide Dallas Mavis, LLC*

## JURY DEMAND

A trial by jury is hereby requested by the maximum number of jurors allowed by law.

> */s/ Robert D. Boroff*
> **ROBERT D. BOROFF (0091866)**
> **Gallagher Sharp| LLP**
> *Attorney for Defendant Greatwide Dallas Mavis, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2020 the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

> /s/Robert D. Boroff
> **ROBERT D. BOROFF (0091866)**
> **Gallagher Sharp| LLP**
> *Attorney for Defendant Greatwide Dallas Mavis, LLC*