IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEPHEN MOYER,** *et al.*,

    **Plaintiffs,**

                              **Civil Action 2:20-cv-5405**
    **v.**                             **Chief Judge Algenon L. Marbley**
                               **Magistrate Judge Elizabeth P. Deavers**

**SIMBAD LLC,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for issuance of a Report and Recommendation on Plaintiff, Estate of Charlotte Finck's, Motion to Remand (ECF No. 15); the Motion to Remand to State Court and for Attorneys' Fees filed by Plaintiffs Sarah Popovich and Charles Popovich (ECF No. 16); Defendant Greatwide Dallas Mavis, LLC's Combined Brief in Opposition to Plaintiffs Moyer and Popovichs' Motions to Remand (ECF No. 22); Plaintiff Stephen Moyer, Administrator of the Estate of Charlotte Finck's, Reply in Support of the Motion to Remand (ECF No. 24); and the Reply in Support of Plaintiffs Sarah Popovich and Charles Popovich's Motion to Remand to State Court and for Attorneys' Fees (ECF No. 26).[1] For the reasons that follow, it is **RECOMMENDED** that the Motions to Remand be **GRANTED**, that Plaintiffs Sarah Popovich and Charles Popovich's request for attorneys' fees be **DENIED**, and that this action be **REMANDED** to the Court of Common Pleas for Franklin County.

---

[1] Defendants Simbad LLC and Bakhadir Kuzikov did not participate in the subject briefing.

**I.**

On September 26, 2019, Plaintiffs filed a Complaint in the Franklin County Court of Common Pleas, Case No. 19CV007808, against Defendants Simbad LLC ("Simbad") and Bakhadir Kuzikov, asserting claims for wrongful death/survivorship, negligence/recklessness, and loss of consortium, arising out of a motor vehicle accident. (ECF No. 3.) On August 18, 2020, Plaintiffs filed a First Amended Complaint, adding Defendant Greatwide Dallas Mavis LLC ("Greatwide") as the alleged motor carrier involved in the subject accident, and asserting claims for negligence/negligence *per se*/vicarious liability (against Defendants Kuzikov and Simbad), negligence/recklessness/direct liability (against Defendant Simbad), negligence/negligence *per se*/recklessness (against Defendant Greatwide), and loss of consortium (against all Defendants). (ECF No. 5.)

On October 15, 2020, Greatwide filed a Notice of Removal, removing the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441. (ECF No. 1.) Greatwide affirmatively argued in its Notice of Removal that "[b]oth the United States District Court for the Northern District of Ohio and the United States District Court for the Southern District of Ohio have ruled that negligence claims against freight brokers are completely preempted" by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), Pub. L. No. 103-305, Title VI, § 601, 108 Stat. 1569, 1605 (eff. Jan. 1, 1995). (ECF No. 1 at PAGEID # 4 (citations omitted).)

On November 11, 2020, Plaintiffs filed separate Motions to Remand. (ECF Nos. 15, 16.) Plaintiff Stephen Moyer, Administrator of the Estate of Charlotte Finck ("Moyer") generally argued that removal based upon a preemption defense is not proper, the complete preemption doctrine does not apply, diversity jurisdiction does not exist because Plaintiffs and two Defendants are from Ohio, and federal question jurisdiction does not exist because the Amended

2

Complaint does not assert a cause of action created by a federal statute.  (ECF No. 15.)  Plaintiffs Sarah Popovich and Charles Popovich generally argued that Greatwide conflated the jurisdictional doctrine of complete preemption and the affirmative defense of ordinary preemption, that the FAAAA is not a complete preemption statute, and that attorney fees were appropriate.  (ECF No. 16.)

In response, Greatwide generally argued that the Court has original jurisdiction over Plaintiffs' claims as the FAAAA completely preempts negligence claims against freight brokers, that this Court has rejected the very arguments on which Plaintiffs rely, and that other courts across the country also are finding that cases invoking the FAAAA's broad preemption scope in cases against freight brokers are removable.  (ECF No. 22.)  In reply, Plaintiff Moyer generally argued that Greatwide's principal authority does not support its position.  Plaintiffs Sarah Popovich and Charles Popovich generally argued that complete preemption is about congressional intent for an exclusive federal cause of action, and that Greatwide grossly mischaracterized the relevant case law.[2]  (ECF Nos. 24, 26.)

## II.

Under the applicable statute, "[t]he defendant or the defendants" may remove a civil action from state court to the federal district court "for the district and division embracing the

---

[2] Plaintiffs also exerted considerable effort addressing other issues, including arguing whether Greatwide was acting as a "motor carrier" or a "broker," and discussing "reptile theory" tactics. (*See* ECF Nos. 24 at PAGEID ## 383-387, ECF No. 26 at PAGEID ## 417-419.)  The Court will not address these issues, however, because the parties acknowledged they are irrelevant to the remand analysis.  (*See* ECF No. 22 at PAGEID # 358 (indicating it is "immaterial whether Greatwide was acting as a broker or motor carrier for purposes of the preemption analysis."), ECF No. 24 at PAGEID # 383, 386-387 (noting the distinction between a motor carrier and a broker does not have "anything to do with removal or Federal subject matter jurisdiction" and "[n]one of this matters for removal or Federal question jurisdiction."), ECF No. 26 at PAGEID # 409 (stating the reptile theory "has nothing to do with a pretrial motion to remand.").)

3

place where such action is pending" if the action could have been brought there originally. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a) (explaining the general process that "[a] defendant or defendants" wishing to remove an action must follow). "The term 'defendant' in removal statutes is narrowly construed." *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) (citations omitted); *see also First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462–63 (6th Cir. 2002) ("[T]he phrase 'the defendant or the defendants,' as used in § 1441(a), [must] be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims.") (citations omitted).

"The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). Further, the removal statute is strictly construed. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

In addition, "the party seeking removal bears the burden of establishing its right thereto." *Her Majesty The Queen In Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citation omitted); *see also Desai v. CareSource, Inc.,* No. 3:18-cv-118, 2019 WL 1109568, at *2 (S.D. Ohio Mar. 11, 2019) (same); *Brown v. CoreCivic, Inc.*, No. 4:18-cv-2044, 2018 WL 5883991, at *2 (N.D. Ohio Nov. 9, 2018) ("That burden [of proving that all the requirements of removal have been met] attaches to any issue of federal jurisdiction, as well as any issue of procedure regarding removal."). Finally, "all doubts should be resolved against removal." *Mays v. City of Flint, Mich.*, 871 F.3d 437, 442 (6th Cir. 2017) (internal quotation

4

marks and citations omitted); *see also Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("All doubts as to the propriety of removal are resolved in favor of remand.").

### III.

Greatwide, as the removing party, bears the burden of establishing federal subject matter jurisdiction. *City of Detroit*, 874 F.2d at 339. Rather than arguing that diversity jurisdiction exists, or that the Amended Complaint expressly pleads a claim arising under the federal laws, the Constitution, or treaties of the United States, Greatwide contends that removal is proper because "[t]he FAAAA completely preempts state law claims that have the force and effect of law related to a price, route, or service with respect to the transportation of property." (ECF No. 1 at PAGEID ## 3-4.) Greatwide also affirmatively cites case law from this Court, and others, which Greatwide suggests "have ruled that negligence claims against freight brokers are completely preempted by the FAAA." (*Id.* at PAGEID ## 4-6.) Greatwide posits that "[t]hough the Supreme Court of the United States and the United States Court of Appeals for the Sixth Circuit have not yet addressed whether negligent selection claims against freight brokers are removable pursuant to FAAAA preemption if they originated in state court, at least one district court recently held that they are." (*Id.* at PAGEID ## 5-6.) Thus, the issue before the Court is whether the FAAAA completely preempts Plaintiffs' claims against Greatwide. If so, as Greatwide argues, then the case was properly removed.

As a preliminary matter, there is no dispute that the "well-pleaded complaint" doctrine generally guides jurisdictional matters. *Childs v. Kroger Co.*, No. 2:20-CV-4216, 2020 WL 6073767, at *4 (S.D. Ohio Oct. 15, 2020), *report and recommendation adopted*, No. 2:20-CV-4216, 2020 WL 7021424 (S.D. Ohio Nov. 30, 2020) ("The Court's jurisdictional inquiry is normally limited to the well-pleaded complaint.") (citations omitted). In determining whether a

5

claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignore[s] potential defenses" that Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (internal quotation marks and citations omitted). There also is no dispute that ordinarily, federal preemption is a ***defense*** to plaintiff's suit, and not a basis for removal because it does not appear on the face of the complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ("As a defense, [federal preemption] does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.").

An exception arises, however, "when a federal statute wholly displaces the state law cause of action through **complete pre-emption** . . . [such that] a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (emphasis added). Under this "complete preemption" exception, such claims are "then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." (*Id.*) The Court of Appeals for the Sixth Circuit recently explained that because the complete preemption exception is narrowly interpreted and only arises in rare circumstances, courts should be reluctant to apply it:

> Complete preemption arises in the rare circumstance where Congress legislates an entire field of law. *Roddy v. Grand Trunk W.R.R.*, 395 F.3d 318, 323 (6th Cir. 2005). When Congress does so, federal law completely overrides all state law on the topic. *See AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004). Given that dramatic altering of the traditional federal-state balance, we are reluctant to find such broad-based preemption. *Roddy*, 395 F.3d at 323. The statute in question must reflect clear congressional intent to do so. *See id.* And its language must contain "extraordinary preemptive power." *Id.* at 323–24 (noting that complete preemption exists "where Congress has indicated an intent to occupy the field so completely that any ostensibly state law claim is in fact a federal claim" (quoting *AmSouth*, 386 F.3d at 776)). In other words, the statute must engulf an entire area of state law,

6

transforming a state-law complaint into one that essentially states a federal claim. *Medlen*, 273 F. App'x at 467.

*Miller v. Bruenger*, 949 F.3d 986, 994-995 (6th Cir. 2020).  Greatwide asserts subject matter jurisdiction exists under this theory of complete exemption.

Specifically, Greatwide maintains the Court has subject matter jurisdiction pursuant to the FAAAA.  (ECF No. 22 at PAGEID # 355-356.)  Under 49 U.S.C. § 14501(c)(1), the FAAAA preempts any state laws "**related to a price, route, or service** of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder **with respect to the transportation of property**."  49 U.S.C. § 14501(c)(1) (emphasis added).  In 49 U.S.C. § 14501(c)(2), however, the FAAAA specifies certain matters that are *not* preempted (*i.e.,* an exception to the exception), including the "safety regulatory authority of a State with respect to motor vehicles."  49 U.S.C. § 14501(c)(2).  Greatwide argues that subsection (c)(1) preempts the claims against it, and that subsection (c)(2) does not "save" those claims from preemption.  (ECF No. 22 at PAGEID ## 363-364.)

In support, Greatwide relies primarily on two cases:  *Nature's One, Inc. v. Spring Hill Jersey Cheese, Inc.*, No. 2:15-CV-2820, 2017 WL 4349065 (S.D. Ohio Sept. 29, 2017), and *Creagan v. Wal-Mart Transportation, LLC*, 354 F. Supp. 3d 808 (N.D. Ohio 2018), *motion to certify appeal granted*, No. 3:16-CV-2788, 2020 WL 5203480 (N.D. Ohio Sept. 1, 2020).  (*See generally* ECF No. 22.)  With regard to this Court's decision in *Nature's One*, Greatwide argues that the Court held that negligence claims against freight brokers and motor carriers are completely preempted, focusing on the following footnote:

> Spring Hill claims that *Litchfield v. United Parcel Serv., Inc.*, 136 F. Supp. 2d 756 (S.D. Ohio 2000) stands for the proposition that state common law claims are not subject to complete preemption under the FAAAA, and therefore its negligence claims survive. (*See* Doc. 119 at 5.) To the contrary, *Litchfield* noted only that *some* types of state actions may affect "rates, routes, or services" in "too tenuous, remote

7

> or peripheral" a manner as to have a preemptive effect, and that a conversion claim may be one such action. *See Litchfield*, 136 F. Supp. 2d at 760.

(ECF No. 22 at PAGEID # 360 (citing *Nature's One*, 2017 WL 4349065, at *2.  Greatwide argues that this "strong language . . . with respect to complete preemption makes it clear that Greatwide's Notice of Removal was proper and that this Court unequivocally has original jurisdiction over Plaintiffs' claims, regardless of whether Greatwide is characterized as a carrier or freight broker." (*Id.* (emphasis in original).)  Although Greatwide concedes that *Nature's One* did not originate in state court, it argues that "[t]he strong language utilized by [now] Chief Judge Marbley in *Nature's One* suggests that, had the *Nature's One* case originated in state court and was later removed to federal court, the claim would have been properly removable and completely preempted."  (*Id.* at PAGEID # 361.)

As to the Northern District of Ohio's decision in *Creagan*, Greatwide argues that "[t]he Northern District held that the negligent hiring claims, like the claims asserted by Plaintiffs against Greatwide in their First Amended Complaint, were preempted by the FAAAA and granted the freight broker's motion for judgment on the pleadings." (*Id.* at PAGEID # 364.)  In *Creagan*, the Court found that 49 U.S.C. § 14501(c)(1) preempted a negligent hiring claim, and that 49 U.S.C. § 14501(c)(2) did not "save" the claim.  *Creagan*, 354 F. Supp. 3d at 814 ("Because the negligent hiring claim seeks to impose a duty on the service of the broker rather than regulate motor vehicles, I conclude this claim is not within the safety regulatory authority of the state and the [49 U.S.C. § 14501(c)(2)] exception does not apply.").

Greatwide's reliance on *Nature's One* and *Creagan* is misplaced.  Neither case is procedurally analogous:  neither case was removed from state court, and both cases were filed in federal court on the basis of diversity jurisdiction.  The more pressing concern is that neither case is substantively on point either.  As to *Nature's One*, for example, the Court agrees with Plaintiff

8

Moyer's reading and finds it to be factually distinguishable from the case at bar. As Plaintiff Moyer correctly notes, "*Nature's One* application of the FAAAA preemption addressed a *property* damage claim against a broker," not a personal injury or wrongful death claim as in case at bar. (*See* ECF No. 24 at PAGEID # 378.) While Greatwide has identified the lone instance in *Nature's One* in which the Court used the words "complete preemption," the Court did not address, let alone analyze, the complete preemption doctrine, removal, or federal question jurisdiction in that case. *Nature's One* does not hold, as Greatwide contends, that the FAAAA provides "broad" preemption that "covers Plaintiffs' claims against Greatwide, regardless of whether Greatwide is recognized as a freight broker or motor carrier," or that it "held that negligence claims . . . are completely preempted." (ECF No. 22 at PAGEID ## 359, 361.) Rather, the Court in *Nature's One* granted summary judgment, holding only in part that the FAAAA preempted certain negligence claims (related to the delivery of milk) under a straightforward application of 49 U.S.C. § 14501(c)(1). *Nature's One*, 2017 WL 4349065, at *2-3 (citing 49 U.S.C. § 14501(c)(1)).

Critically, the Court in *Nature's One* did not discuss, let alone analyze, the "safety regulatory authority" exception of 49 U.S.C. § 14501(c)(2), because it did not pertain to that lawsuit. Here, however, the exception is squarely at issue. This distinction is significant, because Plaintiffs here contend 49 U.S.C. § 14501(c)(2) "saves" their claims from FAAAA preemption. As Plaintiff Moyer notes, "*Nature's One* involved [only] the 'transportation of property,' not a truck crash that killed and injured people, which is statutorily excepted from the FAAAA preemption." (ECF No. 24 at PAGEID # 380.) This procedural difference also is significant, as *Nature's One* only analyzed preemption as a basis for summary judgment. Simply

9

put, *Nature's One* was not a complete preemption case and does not persuade the Court in the context of the removal analysis in this case.

As to Greatwide's other chief case in support, *Creagan* does examine preemption in the context of a motor vehicle accident under 49 U.S.C. § 14501(c)(2)(A), but the Court still finds that Greatwide's reliance on *Creagan* is misplaced. While the Court in *Creagan* ultimately held that negligent hiring claims were preempted by the FAAAA, it significantly did ***not*** do so under the complete preemption doctrine. Rather, as Plaintiffs correctly observe, the Court merely analyzed preemption as an ordinary affirmative defense. *See Creagan*, 354 F.Supp.3d. at 810. Like *Nature's One*, *Creagan* is not a complete preemption case, and this Court is not inclined to speculate how the *Creagan* court would have handled the analysis had it faced it.

Even assuming, *arguendo*, that *Creagan* set forth to establish that the FAAAA completely preempted all personal injury or wrongful death cases, as Plaintiffs correctly highlight, while *Creagan* may have been an early trailblazer into this discrete legal issue, it appears to be firmly in the minority of the relevant case law. Plaintiffs persuasively cite a number of decisions, issued after *Creagan*, that "have addressed this issue and held that FAAAA preemption does not apply to personal injury or wrongful death cases." (ECF No. 15 at PAGEID # 305; ECF No. 24 at PAGEID # 382.) In response, Greatwide conspicuously avoids any attempt to distinguish these cases, but instead summarily argues that they are "non-binding cases . . . which are wholly inapposite and are in direct contravention of this Court's ruling in *Nature's One*." (ECF No. 22 at PAGEID # 361.) This Court finds that Plaintiffs' cases[3] are on point, and

---

[3] Plaintiff Moyer cited several cases in the briefing, but appears to rely most heavily on the following eleven cases:
- *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1031 (9th Cir. 2020) ("We hold that negligence claims against brokers, to the extent that they arise out of motor vehicle

10

accidents, have the requisite 'connection with' motor vehicles. Therefore, the safety exception applies to Miller's claim against C.H. Robinson.");
- *Vitek v. Freightquote.com, Inc.*, No. CV JKB-20-274, 2020 WL 1986427, at *4 (D. Md. Apr. 27, 2020) ("This Court agrees with the majority of district courts that have found that common law personal injury actions like Vitek's are too attenuated from the deregulatory purpose of the FAAAA to be preempted.");
- *Uhrhan v. B&B Cargo, Inc.*, No. 4:17-CV-02720-JAR, 2020 WL 4501104, at *5 (E.D. Mo. Aug. 5, 2020) ("[T]he Court holds that a negligent brokering claim—which seeks damages for personal injury against a broker for negligently placing an unsafe carrier on the highway—'concerns motor vehicles and their safe operation.' The Court is persuaded that this holding is aligned with the central purpose of the FAAAA, which 'was enacted with the primary goal of minimizing economic regulation, not state police power over safety regulation.' As a result, the Court finds that Plaintiffs' negligent brokering claims fall within the scope of the safety regulation exception and, thus, are not preempted by the FAAAA.");
- *Skowron v. C.H. Robinson Co.*, No. CV 4:20-10276-TSH, 2020 WL 4736070, at *3 (D. Mass. Aug. 14, 2020) ("Plaintiff's negligent hiring claim is genuinely responsive to safety concerns respecting motor vehicles and thus falls within the safety regulatory authority of the state.");
- *Ciotola v. Star Transportation & Trucking, LLC*, No. CV 3:19-753, 2020 WL 4934592, at *3 (M.D. Pa. Aug. 24, 2020) ("[T]he court finds that plaintiff's claims against Quarterback are not preempted by the FAAAA since the FAAAA does not preempt general tort law that does not significantly impact Quarterback's prices, routes, and services.");
- *Lopez v. Amazon Logistics, Inc.*, 458 F. Supp. 3d 505, 516 (N.D. Tex. 2020) ("Because the Court holds that the safety regulation preemption exception in section 14501(c)(2) applies to negligent-hiring claims against brokers, that claim is also not preempted.");
- *Gilley v. C.H. Robinson Worldwide, Inc.*, No. CV 1:18-00536, 2019 WL 1410902, at *5 (S.D.W.Va. Mar. 28, 2019) ("In the present case, plaintiffs' negligent selection claim stems from a personal-injury, wrongful-death action, and the court finds that this claim does not 'relate to' CHR's broker services. * * * The court further concludes that, even if that state's negligent hiring claims had a sufficient impact on the price, route, or service of a broker to satisfy Paragraph (1), it would not be preempted because it would fall within the general 'safety regulatory exception['] of paragraph (2)(A) of the preemption provision.");
- *Campos v. Benny Whitehead Logistics, LLC*, No. EDCV20395JFWSHKX, 2020 WL 1486107, at *4 (C.D. Cal. Mar. 27, 2020) ("[T]he Court agrees with the vast majority of courts that have refused to find tort claims, such as those alleged by Plaintiffs against BWL, preempted by the ICCTA. Because Plaintiffs' tort claims are not preempted, this Court lacks subject matter jurisdiction over this action.");
- *Huffman v. Evans Transportation Servs., Inc.*, No. CV H-19-0705, 2019 WL 4143896, at *3 (S.D. Tex. Aug. 12, 2019), *report and recommendation adopted*, No. 4:19-CV-705, 2019 WL 4142685 (S.D. Tex. Aug. 28, 2019) ("[T]he negligence-based claims against Evans are not preempted by the FAAAA because Plaintiffs' claims are not sufficiently related to the price, route or service provided by Evans as a transportation broker. In addition, even if the claims were sufficiently related to the 'services' provided by Evans as

11

rejects Greatwide's challenge. The Court notes that *Creagan*, a case from the Northern District of Ohio, is not binding on this Court and that, as discussed, *Nature's One* is inapposite.

Greatwide also tries to find support in two other cases from the Western District of Texas, *Gillum v. High Standard, LLC*, No. SA-19-CV-1378-XR, 2020 WL 444371, at *7 (W.D. Tex. Jan. 27, 2020), and *Zamorano v. Zyna LLC*, No. SA-20-CV-00151-XR, 2020 WL 2316061, at *1 (W.D. Tex. May 11, 2020), but its reliance on these cases is similarly unavailing. (ECF No. 22 at PAGEID ## 367-368.) While *Gillum* appears to be the most factually and procedurally analogous of Greatwide's cited cases, it has been appropriately criticized for finding complete preemption without applying a proper complete preemption analysis. *See Youngers v. ATF Transp., Inc.*, Case No. 1:19-cv-01203, 2020 U.S. Dist. LEXIS 165809, at *21 (D. N.M. Sept. 9, 2020) (Rejecting *Gillum*'s complete preemption conclusion because the court (1) "treated as 'fungible' complete preemption with ordinary preemption, without noting the difference between the doctrines or discussing the rarity of complete preemption," and (2) "did not discuss or apply the Tenth Circuit's two-part complete preemption framework[4] by identifying whether the

---

   a transportation broker, the public safety exception in § 14501(c)(2)(A) applies.") (internal citations omitted);
- *Nyswaner v. C.H. Robinson Worldwide Inc.*, 353 F. Supp. 3d 892, 896 (D. Ariz. 2019) ("This case does not involve a customer seeking better or different services or rates under state law. Because this negligent hiring claim is a 'generally applicable' state law that does not 'otherwise regulate prices, routes or services,' the Court cannot conclude that it would have a 'significant impact' on Robinson's services, and so Mr. Nyswaner's claims are not preempted.") (internal citation omitted); and
- *Scott v. Milosevic*, 372 F. Supp. 3d 758, 770 (N.D. Iowa 2019) ("[T]he FAAAA does not preempt personal injury claims.").

(ECF No. 24 at PAGEID # 382.)

[4] The Tenth Circuit's two-part complete preemption framework is similar to the Sixth Circuit's approach. *Compare Schmeling v. NORDAM*, 97 F.3d 1336, 1343 (10th Cir. 1996) ("Deciding whether removal in this case was proper under the complete preemption doctrine requires a two-part analysis: first, whether … the [] regulations preempt the state laws relied on . . . ; and second, whether Congress intended to allow removal in such cases, as manifested by the provision of a federal cause of action to enforce the [] regulations."), *with Miller v. Bruenger*,

FAAAA contains a federal cause of action, the presence of which is a prerequisite to removal jurisdiction."). As for *Zamorano*, Greatwide affirmatively concedes that preemption only was raised as a Rule 12(b)(6) affirmative defense, which immediately distinguishes it from the case at bar. (ECF No. 22 at PAGEID # 367.) Further, although the court in *Zamorano* concluded that Plaintiff's negligence claims were "completely preempted" by the FAAAA, the court there also did not go through a complete preemption analysis, and instead relied heavily on *Gillum*'s flawed approach as binding precedent. *See Zamorano*, 2020 WL 2316061, at **3-5. Especially in the face of the overwhelming case law presented by Plaintiffs, these two cases are not persuasive.

At best, Greatwide has identified an issue that has divided courts across the country. With no binding authority that this Court must follow, however, the Undersigned agrees with the analysis put forth by Plaintiffs, which is supported by a convincing majority of other decisions across the country. Specifically, the Court agrees with Plaintiffs that the FAAAA does not contain express language indicating that it was designed to completely preempt personal injury or wrongful death claims, and that in fact it appears to specifically remove at least some such claims from preemption in 49 U.S.C. 14501(c)(2)(A). (ECF No. 24 at PAGEID # 379.) To that end, the fact that the FAAAA essentially requires courts to closely analyze personal injury or wrongful death claims on a case-by-case basis, to determine whether they are subject to preemption, also supports the conclusion that Congress did not intend to, and did not, "completely override[] all state law on the topic." *See AmSouth Bank*, 386 F.3d at 776. While

---

949 F.3d at 995 ("The statute in question must reflect clear congressional intent to do so. And its language must contain 'extraordinary preemptive power.'") (internal citations omitted).

some negligence-based claims may be saved from preemption by 49 U.S.C. § 14501(c)(2), some may not.  This only means that the FAAAA is not a complete preemption statute.

To that end, this Court finds that Greatwide has failed to identify "clear congressional intent" for the FAAAA to engulf the entire area of personal injury and wrongful death claims involving transportation brokers and motor carriers, especially in light of the Supreme Court's declaration that 49 U.S.C. 14501(c)(1) "massively limits the scope of preemption ordered by the FAAAA."  *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 261 (2013) ("[T]he addition of the words "with respect to the transportation of property" . . . "massively limits the scope of preemption" ordered by the FAAAA.") (internal citation omitted).

The Undersigned thus agrees with what appears to be the growing majority of courts across the country to have analyzed this issue, and rejects Greatwide's position.  Greatwide has failed to meet its high burden of showing that federal jurisdiction exists and that removal was proper.  Because this Court finds that the FAAAA is not a complete preemption statute, Greatwide's preemption argument is merely an affirmative defense and not a basis for removal.  Accordingly, it is **RECOMMENDED** that Plaintiffs' Motions to Remand (ECF Nos. 15, 16) be **GRANTED**, and that this case be **REMANDED** to the Franklin County Court of Common Pleas.

## IV.

Separately, Plaintiffs Sarah Popovich and Charles Popovich seek an award of attorneys' fees and costs associated with Greatwide's improper removal of this case.  (ECF No. 16 at PAGEID ## 325-329.)  Pursuant to 28 U.S.C. § 1447(c) "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "An award of costs [is] solely in the discretion of

the district court." *Morris v. Bridgestone/Firestone, Inc.,* 985 F.2d 238, 240 (6th Cir. 1993). In considering § 1447(c) requests for fees and costs, courts generally question whether the removing party had an objectively reasonable basis for removal. *See Ohio ex rel. Skaggs v. Brunner,* 629 F.3d 527, 531–32 (6th Cir. 2010) (considering whether an objectively reasonable basis supported removal to determine the appropriateness of § 1477(c) fees and costs).

Here, although the Undersigned does not agree with Greatwide's argument, it cannot be said that Greatwide lacked an objectively reasonable basis for believing the removal was proper under 49 U.S.C. 14501(c)(1). As discussed at length, both herein and throughout the parties' briefing, there is a genuine split of authority across the country on this relatively unexplored issue, and there is no binding authority which this Court must follow. Without such binding guidance to follow, it was reasonable for Greatwide to rely on out-of-district cases for support, even if those cases may have been criticized (or even flatly rejected) by other courts. It does not appear that FAAAA preemption is yet an area of settled law especially while *Creagan* remains pending before the Sixth Circuit. This Court is not inclined to punish Greatwide for exploring its limits. Under these circumstances, it is **RECOMMENDED** that Plaintiffs Sarah Popovich and Charles Popovich's request for attorneys' fees and costs be **DENIED**.

## V.

For the reasons explained above, the Court lacks subject matter jurisdiction over this action, which was improperly removed. It is therefore **RECOMMENDED** that Plaintiffs' Motions to Remand (ECF Nos. 15, 16) be **GRANTED**, but that Plaintiffs Sarah Popovich and Charles Popovich's request for attorneys' fees be **DENIED**, and that this action be **REMANDED** to the Franklin County Court of Common Pleas.

Having concluded that remand is appropriate for lack of subject matter jurisdiction, the Undersigned expresses no opinion on the merits of Greatwide's Motion to Strike certain allegations in Plaintiff's Amended Complaint.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

|  |  |
|---|---|
| | /s/ *Elizabeth A. Preston Deavers* |
| **DATED:  January 12, 2021** | **ELIZABETH A. PRESTON DEAVERS** |
| | **UNITED STATES MAGISTRATE JUDGE** |